UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER J. NIZZA,

     Plaintiff,

vs.                         **Case No. 8:04-CV-1632-T-EAJ**

JO ANNE BARNHART,
Commissioner of Social
Security Administration,

     Defendant.

_____/

## FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for a period of disability and Disability Insurance Benefits.[1]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1]   The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 8).

applicable legal standards.  <u>See</u> 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983).  If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  <u>See</u> <u>Goodley v. Harris</u>, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard.  <u>See</u> <u>Davis v. Shalala</u>, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required.  <u>See</u> <u>Jamison v. Bowen</u>, 814 F.2d 585, 588 (11th Cir. 1987).

## I.

Plaintiff alleges that he became disabled on February 4, 1999, due to shoulder and back injuries, nerve damage, diabetes, gastritis, and depression.  (T 23)  Plaintiff was forty-seven years old when the ALJ issued the decision denying benefits.  (<u>Id.</u>)  Plaintiff's past work experience includes employment as an electronics mechanic, field service engineer, electronics

assembler, metrology technician, missile facility repairer, antenna installer, quality control inspector, and calibration technician. (T 23, 72)  A hearing was held before the ALJ on October 5, 2000. (T 374-413)

In the October 24, 2001 decision denying benefits, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  (T 23)  Further, the ALJ found that Plaintiff had medically determinable impairments including "lumbar disc disease status post surgery for laminectomy and decompression, hypertension, gastritis, and diabetes mellitus, and is status post remote shoulder surgery for [a] left rotator cuff tear, a combination of impairments that is considered severe within the meaning of the Regulations." (T 25)  However, the ALJ found that Plaintiff's impairments did not meet or equal an impairment listed in the Listing of Impairments.  (T 26-27)  The ALJ also found that Plaintiff's testimony regarding his limitations was not entirely credible.  (T 26-27)  The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a range of light to sedentary work which prevented

Plaintiff from performing his past relevant work.[2]   (T 27-28) Therefore, the burden shifted to the Commissioner to show that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform, consistent with his RFC, age, education and work experience.  (T 29)  Relying on the testimony of a vocational expert, the ALJ determined that Plaintiff was capable of making a vocational adjustment to other work, including work in assembly/jewelry and work as an addresser, polisher, or lens inserter. (T 129)  Accordingly, the ALJ found that Plaintiff was "not disabled" for the purposes of Plaintiff's claim, and was thus not entitled to receive disability benefits.

On May 10, 2004, the Appeals Council denied Plaintiff's request for review.  (T 4-7)  Accordingly, the Appeals Council allowed the ALJ's decision to stand.

Plaintiff argues that the Commissioner erred by (1) failing to accord Plaintiff's treating source substantial weight; (2) finding that Plaintiff's allegations were not entirely credible; (3) failing to adequately develop the administrative record; and (4) refusing to find a severe mental impairment.  Plaintiff also

---

[2] Addressing Plaintiff's RFC, the ALJ found: "Claimant retains the residual capacity to lift 5 pounds frequently and 10 pounds occasionally; he can stand/walk for 2 out of eight hours per day and sit for 6 out of 8 hours per day alternating between sitting and standing at will; he can occasionally climb stairs but never ladders, scaffolds, etc.; he can occasionally balance and stoop but never kneel, crawl, or crouch; and he must avoid exposure to moving machinery and unprotected heights." (T 27-28)

4

submits that a remand is warranted under sentence six of the Act due to new evidence (Dkt. 13 at 2-15).

## II.

**A.**   Plaintiff argues that the ALJ's decision refusing to find a severe mental impairment is in error because Plaintiff's testimony is consistent with medical evidence that demonstrates his mental impairment was severe.[3]

It is well settled that an impairment can be found non-severe under the Act "only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984).

In the instant case, Plaintiff points out that Kenneth Varnadoe, Ph.D. ("Dr. Varnadoe") found that Plaintiff had a bipolar disorder and memory problems (T 186-189).[4] However, Dr. Varnadoe's opinion was based solely on Plaintiff's self-report and was not confirmed by objective standardized tests. (T 186)

Furthermore, the psychiatric review technique form, completed

---

[3]Plaintiff's assertion regarding his mental impairment is taken out of order to reflect the standard sequential analysis in Social Security cases.

[4] In a consultative report dated November 29, 1999, Dr. Varnadoe wrote that Plaintiff has "a history of mental health treatment" including Plaintiff's hospitalization at the VA Hospital in Manchester, New Hampshire. (T 186)

by State Agency physician James Mendelson, M.D. ("Dr. Mendelson") on January 2, 2000, indicated that Plaintiff has no restriction of activities of daily living, no difficulties maintaining social functioning, and only seldom deficiencies of concentration and that Plaintiff's mental "impairment(s) [are] not severe." (T 206, 215)

In addition, the ALJ relied upon a November 2004 "case development sheet" in which Plaintiff stated to an employee of the office of disability determinations that he was depressed, but that he "has not seen a mental health professional for this nor does he take any meds. . . . He stated that he does not have memory  and concentration problems . . . ." (T 100)  Plaintiff's comments that he has not sought treatment for his alleged depression as well as Plaintiff's specific denial of having memory and concentration problems strongly support the ALJ's determination that Plaintiff's mental impairment was non-severe.

Accordingly, substantial evidence  supports the ALJ's determination that Plaintiff's mental impairment was not severe. Thus, Plaintiff's argument regarding the severity of his mental impairment is without merit.

**B.**   Plaintiff also contends that the ALJ failed to give the opinions of Plaintiff's treating source appropriate weight.

Generally, a treating physician's opinion is entitled to considerable weight unless there is good cause to reject such an

opinion.  Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).  However, the opinion of a treating physician regarding a disability or inability to work may be discounted if it is unsupported by objective medical evidence, conclusory, or contrary to the evidence.  Bloodsworth, 703 F.2d at 1240; see also Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991).

In the present case, Plaintiff argues that the ALJ failed to credit the medical opinions of Dennis Lox, M.D. ("Dr. Lox") who completed a "Medical Assessment of Ability to Do Work-Related Activities (Physical)" on June 10, 2001 (T 257-260) limiting Plaintiff to only 10 pounds of lifting, only two hours of standing and walking, and only two hours of sitting in an eight hour day. (T 257-260) Dr. Lox's opinion deviated from the ALJ's decision concerning the limitation on the amount of time Plaintiff could sit.[5]

The ALJ reasonably discredited Dr. Lox's RFC determination because, at the time of the administrative decision, the record did not contain any medical records from Dr. Lox evidencing a treating physician relationship or otherwise supporting the June 10, 2001

---

[5] The ALJ determined that Plaintiff could sit for six hours of an eight-hour-day so long as Plaintiff could alternate between sitting and standing.  (T 27-28).  The ALJ's determination with regard to sitting is supported by the Residual Functional Capacity Assessments of the non-examining state agency physicians. (T 191, 199)

RFC determination.  However, as will be discussed <u>infra</u>, Plaintiff now asserts that a year's worth of medical records from Dr. Lox have been submitted.[6]   Although Dr. Lox might otherwise be considered a treating physician, it is irrelevant to the analysis because, at the time of the decision, there were no relevant records from Dr. Lox.  This court's review of the ALJ's decision is limited to the record before the ALJ at the time of the decision.[7] The ALJ found that there were no medical records from Dr. Lox to support Dr. Lox's conclusion. Therefore, Dr. Lox's opinion was correctly discounted because it was unsupported by specific medical findings or objective medical evidence.

Additionally, the ALJ found that no other treating physician placed any restrictions or limitations on Plaintiff's activities since his surgery.  This determination is supported by the record.

Accordingly, Plaintiff's contention that the ALJ failed to accord the medical opinion of Dr. Lox proper weight is without merit.  Additionally, the ALJ's decision to discount Dr. Lox's

---

[6] Plaintiff argues that newly submitted evidence from Dr. Lox's office, as well as other evidence, warrants a remand under sentence six of the Act.  <u>See</u> section E <u>infra</u>.

[7] The Appeals Council reviewed this evidence and found no basis for reconsidering the ALJ's decision denying benefits.  (T 4-7) Where the Appeals Council has denied review, as here, the court will look only to the evidence presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence.  <u>Falge v. Apfel</u>, 150 F.3d 1320, 1322-23 (11th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1124 (1999)(an ALJ cannot be faulted for having failed to weigh evidence never presented to him).

opinion is supported by substantial evidence.

**C.**  Plaintiff also submits that discrediting his testimony regarding his pain was improper and the Commissioner's decision should be reversed and remanded for proper consideration. (Dkt. 13 at 4-10).

The credibility of witnesses is for the Commissioner to determine, not the courts. <u>Carnes v. Sullivan</u>, 936 F.2d 1215, 1219 (11th Cir. 1991).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. <u>Davis v. Apfel</u>, 93 F. Supp. 2d 1313, 1316 (M.D. Fla. 2000) (citing <u>Celebrezze v. O'Brient</u>, 323 F.2d 989 (5th Cir. 1963)).[8]

The Eleventh Circuit's three part "pain standard" requires the Commissioner to credit a claimant's subjective pain testimony if there is (a) evidence of an underlying medical condition and (b) either (1) objective medical evidence confirming the severity of the pain resulting from the medical condition or (2) that the objectively determined medical condition must be of a severity which can be reasonably expected to cause the alleged pain. <u>Landry v. Heckler</u>, 782 F.2d 1551, 1553 (11th Cir. 1986).  Under the

---

[8] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, are binding as precedent in the United States Court of Appeals for the Eleventh Circuit and for district courts within the Eleventh Circuit. <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981).

alternate prong of the pain standard, subjective pain testimony which is supported by clinical evidence of a condition which can reasonably be expected to produce the symptoms of which a plaintiff complains is itself sufficient to sustain a finding of disability. This prong requires the Commissioner to evaluate the credibility of a claimant's testimony as to pain and to articulate a reasonable basis for rejecting the testimony if it is rejected. Sewell v. Bowen, 792 F.2d 1065, 1068 (11th Cir. 1986). The reasons must be based on substantial evidence. See Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987). This standard is consistent with Social Security regulations which provide that a claimant may establish a disability through subjective testimony of pain if "medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms." Elam v. R. R. Ret. Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)(citing 20 C.F.R. §§ 404.1529, 416.929).

It is incumbent on the ALJ to make credibility findings as to claimant's testimony and any lay witnesses who testify for him. See generally Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Further, where there is credible evidence on both sides of an issue, it is for the Commissioner, not the court, to weigh the evidence and determine the case accordingly. Powers v. Heckler, 738 F.2d 1151, 1152 (11th Cir. 1984). However, the lack of an explicit

10

credibility finding is a ground for remand when credibility is critical to the outcome of the case.  Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982).

In the instant case, Plaintiff contends that discounting his testimony regarding his pain was improper because the objective medical evidence confirms the severity of his alleged pain and consideration of his attempt to seek excessive pain medication is not legally appropriate.  (Dkt. 13 at 5-9).

Plaintiff testified at the administrative hearing that he experienced severe back pain, headaches, neck pain, and shoulder pain and was unable to walk, stand, or sit for long periods of time.  Specifically, Plaintiff stated with regards to pain, "It's in my lower back and shoots down my legs to my heels and my feet. . . . I describe it as say your bone is like having a toothache, it feels like it shooting right down to the bones of your leg . . . It feels like you've been walking for probably a day's straight or something, that's why I use a cane a lot because I can't put any weight on my left foot to talk about." (T 387-388)  Plaintiff also stated that his sleep is often disrupted by pain. (T 389, 401) Further, Plaintiff stated that if he walks for too long, he falls to the ground and, sometimes, has trouble getting back up. (T 391)

Plaintiff also described having problems with his left shoulder due to an injury which occurred when Plaintiff was twenty-

four years old. (T 389)  Plaintiff stated that when he tries to drive, he cannot move his neck and that he feels like his "tail bone is going right through into the seat." (T 399) In addition, Plaintiff describing having headaches "at least every other day" which last for six or seven hours at a time. (T 400)

The ALJ found that the evidence did establish the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged.  However, the ALJ determined that Plaintiff's statements as to the frequency, intensity, and duration of his symptoms were inconsistent with the evidence of record and could not be fully credited.  (T 26-27)  Furthermore, the ALJ noted that the objective medical evidence did not confirm the severity of the alleged pain and subjective symptoms, nor did the weight of the medical and non-medical evidence demonstrate the presence of an impairment that reasonably could be expected to produce pain and functional limitation to the degree alleged by Plaintiff.  (Id.)

The ALJ specifically noted that Plaintiff's complaints of pain were contradicted by the reports of Susanti K. Chowdhury, M.D. ("Dr. Chowdhury").  On October 26, 1999, Dr. Chowdhury reported that Plaintiff was experiencing relief from his pain with trigger point injections. (T 254)  Dr. Chowdhury also reported that Plaintiff's use of Methadone successfully mitigated Plaintiff's pain.  On May 16, 2000, Dr. Chowdhury noted, "The patient returns

today reporting that the Methadone seems to be working quite well and he is happy with this." (T 240)

Additionally, the ALJ determined that Plaintiff's credibility as to his own pain was "diminished considerably given the fact that he was discharged from the care of two physicians due to narcotics abuse."[9]   (T 27) The ALJ also cited medical evidence that Plaintiff's right arm pain was not significant and, further, that there was no evidence that Plaintiff's gastritis, hypertension, or diabetes caused serious limitations.  (Id.).

The reasons cited by the ALJ constitute substantial evidence to not fully credit Plaintiff's subjective complaints.  See Allen v. Sullivan, 880 F.2d 1200, 1203 (11th Cir. 1989) The ALJ's finding that notwithstanding Plaintiff's limitations, Plaintiff is capable of a limited range of sedentary work is likewise supported by substantial evidence in the record.

D.   Plaintiff also submits that the Commissioner failed to adequately develop the record in evaluating all of Plaintiff's impairments as required by Cowart v. Schweiker, 662 F.2d 731, 735–736 (11th Cir. 1981).

_____

[9] The ALJ's comments about Plaintiff's possible abuse of narcotic medication are supported by the record.  In a June 13, 2000 report of Dr. Chowdhury, it was noted, "Because of implications of the patient's wife phoning in narcotics and because of this being a recurring theme, as the patient was discharged from Dr. Tolli's office, because of the same sort of occurrence, we will plan on discharging the patient at this time." (T 238)

The ALJ has the duty to develop a full and fair record. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). However, in establishing a claim for benefits, the claimant bears the burden of proof. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). The record is sufficiently developed when the medical evidence, including the clinical and laboratory findings, is complete and detailed enough to allow the ALJ to make a determination as to whether the plaintiff is disabled. See, e.g., 20 C.F.R. §§ 404.1512(d); 416.912(d). The ALJ's review of the evidence must be based on the record as a whole. McCruter, 791 F.2d at 1548.

In the instant case, the ALJ's development of the record was sufficient to support his determination because the ALJ's decision was based on the record in its entirety. The ALJ discussed Plaintiff's medical conditions at length, citing hospital records, test results, and physician reports dating from July 1998 to June 2001. (T 25-29) Specifically, the ALJ noted that "[a]s of the July 1999 follow-up with Dr. Tolli the claimant's neurological exam was intact and motor, sensory, and reflex response was reported to be normal and no significant differences were reported by Dr. Chowdhuri [sic]." (T 26)

Furthermore, the ALJ held the record open for almost a year and took the initiative to follow up with Plaintiff's counsel in an attempt to obtain additional records and even made follow-up

14

attempts and granted extensions of time to Plaintiff's counsel to obtain the evidence. (T 22; 412-413) Therefore, Plaintiff's claim that the record was not developed sufficiently to make a determination as to whether Plaintiff is disabled is without merit.

**E.** Plaintiff also submits that a remand is required under sentence six of 42 U.S.C. § 405(g) due to the presentation of new evidence from two physicians: Hansa Hussain, M.D. ("Dr. Hussain") and Dr. Lox.

To obtain a remand to consider new evidence, a claimant must establish that: (1) there is new, non-cumulative evidence; (2) the evidence is material in that it is relevant and probative so that there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for failure to submit the evidence at the administrative level. Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988)(citation and internal quotation marks omitted).

The Eleventh Circuit has found evidence to be new and non-cumulative when "no similar evidence [was] introduced into the administrative record." Id.; see also Beech v. Apfel, 100 F. Supp. 2d 1323, 1335 (S.D. Ala. 2000)(an additional report by a physician was non-cumulative because the physician "assert[ed] an opinion in regard to the Plaintiff's ability to perform her past relevant work and other impairments which he did not assert in the prior letters

before the ALJ."). In addition, courts in this Circuit have found newly submitted evidence to be non-cumulative when the new evidence contained additional vocational limitations found by a vocational expert who was not present during the administrative hearing <u>Torrey v. Apfel</u>, No. 99-0248-P-L, 2000 U.S. Dist. LEXIS 14946, at *16 (S.D. Ala. July 17, 2000); when new evidence documented medical treatment which followed the conclusion of the administrative proceedings <u>Walters v. Barnhart</u>, 184 F. Supp. 2d 1178, 1185 (M.D. Ala. 2001); and when the new evidence contained updated medical reports concerning a plaintiff's impairments <u>Bell v. Apfel</u>, No. 8:98-2092-CIV-T-17A, 2000 U.S. Dist. LEXIS 12541, at *9-10 (M.D. Fla. June 26, 2000).

However in <u>Beech</u>, <u>Walters</u>, and <u>Bell</u>, the new and non-cumulative evidence was not deemed material.[10] New evidence is not

[10] In <u>Beech</u>, the court addressed a new and non-cumulative letter from one of the plaintiff's physicians. 100 F. Supp. 2d at 1335. The letter was not material because it provided "an ultimate opinion of disability but [was] not supported by any new or additional medical evidence." <u>Id.</u> In <u>Walters</u>, evidence that the plaintiff had developed an additional impairment was non-cumulative, but was not material because the new evidence did not relate to an impairment that was mentioned in the plaintiff's disability application. 184 F. Supp. 2d at 1186. In <u>Bell</u>, the new and non-cumulative evidence of the plaintiff's updated I.Q. scored was not material because the scores did not pertain to the relevant time period for disability determination. 2000 U.S. Dist. LEXIS 12541, at *8-10.

Other examples of cases from within this Circuit in which new evidence was considered non-cumulative but not material include: <u>Cox v. Apfel</u>, No. 98-1234-RV-G, 1999 U.S. Dist. LEXIS 14179, at *17 (S.D. Ala. July 29, 1999)("the records are non-cumulative because there has been no previous evidence submitted in regard to her depression. However, the new evidence is not material and relevant

material unless it relates to relevant period of time for determination of disability benefits and "could change the administrative result." <u>Cannon</u> 858 F.2d at 1546. New evidence was considered material (relevant and probative) in <u>Caulder v. Bowen</u> because it pertained to a condition that the plaintiff claimed to be disabling at the administrative level and contained a medical opinion on the presence of the impairment during the time period for which benefits were sought. 791 F.2d 872, 877-878 (11th Cir. 1986).

As the Commissioner notes, Plaintiff submitted the additional medical evidence to the Appeals Council on September 15, 2003 (T 369-373). The date of submission was almost three years after the administrative hearing on October 5, 2000 (T 374-413) and nearly two years after the ALJ's decision dated October 24, 2001 (T 19-31). At the conclusion of the administrative hearing, Plaintiff's attorney requested and was granted thirty days in which to present additional medical records including from "Dr. Larks" (this may be

_____

because it does not relate back to the period of time before the ALJ in satisfaction ... of the regulations."; <u>Sullivan v. Apfel</u>, No. 99-0666-CB-L, 2000 U.S. Dist. LEXIS 15236, at *26 (S.D. Ala. Sept. 12, 2000)(additional note from plaintiff's physician stating that the plaintiff was totally disabled was new and non-cumulative because the physician had not previously indicated that the plaintiff was totally disabled, however, the note was not material because, <u>inter alia</u>, the opinion was "conclusory" and "[a] medical opinion that the Plaintiff is disabled or unable to work is not entitled to any special weight because that issue is reserved for the Commissioner.")(internal quotation marks omitted).

a phonetic spelling of Dr. Lox) and "Dr. Chowdry." (T 412-413) In fact, the ALJ's decision was not entered until nearly a year after the administrative hearing. This chronology is important in understanding whether good cause exists under section 405(g).

A. **Dr. Hussain**

It is unnecessary to discuss in detail the record evidence generated by Dr. Hussain. The evidence consists of a single report dated April 6, 2000 (over one year prior to the ALJ's decision). (T 317-319)[11] Dr. Hussain reported that Plaintiff "is not depressed, sad, [or] tearful . . . . His speech is spontaneous and productive. His psychomotor activity and energy level is fair. . . . He denies suicidal, homicidal ideations and intent." (T 318) Dr. Hussain commented, "I do not feel that [Plaintiff's] psychiatric symptomatology is anyway related to his accident." (T 319) Dr. Hussain determined that Plaintiff's GAF score was 60.[12] Dr. Hussain's report is consistent with the ALJ's decision that Plaintiff's mental impairment is non-severe. In addition, Dr. Hussain's evaluation was conducted prior to the ALJ's decision and

---

[11] Dr. Hussain's report reflects that Plaintiff was referred to Dr. Hussain for a psychological evaluation by Worker's Compensation. (T 317)

[12] GAF scores between 51 and 60 reflect moderate symptoms, including moderate difficulty in social, occupational or school settings. Wind v. Barnhart, No. 04-16371, 2005 U.S. App. LEXIS 10273 *5 n.1 (11th Cir. June 2, 2005).

Plaintiff offers no explanation as to why the report of Dr. Hussain was not submitted prior to the ALJ's decision.   Accordingly, a remand is not warranted on the basis of Dr. Hussain's opinion.

B.   **Dr. Lox**

Plaintiff identifies the evidence submitted to the Appeals Council which he argues warrants a remand as the follow transcript pages: (T 297-299, 300-312, 346-348).   The evidence consists of reports and office visit notes authored by Dr. Lox concerning Plaintiff with dates spanning from August 14, 2000 through June 11, 2001.[13]

Plaintiff contends that new evidence from Dr. Lox will show that Dr. Lox treated Plaintiff for approximately a year.   The ALJ's decision indicates that there were no medical records evidencing treatment by Dr. Lox over the preceding year. (T 27) Assuming for the moment that these records meet the other requirements for remand under the statute, it is clear that the good cause requirement has not been met.

Plaintiff asserts that he has good cause because of "the fact that Dr. Lox moved and the attorney was from out-of-town and appears [sic] to have some difficulty in getting information together for the ALJ . . . [which] explains why the information was not obtained in time for the ALJ to review it." (Dkt. 13 at 13).

---

[13] It should be noted that of the evidence identified by Plaintiff, the same report of Dr. Lox, dated August 14, 2000 has been filed in the record three times. (T 301-303, 309-312, and 348-351)

Failure to submit the evidence in a timely fashion to the ALJ because of distance between Plaintiff's attorney and his physician does not amount to good cause given the particular circumstances presented.  The records Plaintiff now wishes to submit existed and were readily available before the ALJ made a decision.  The ALJ held the record open for almost a year after the hearing, yet they were not submitted although Plaintiff's counsel apparently knew of their existence.  Good cause may not be present if a plaintiff "procrastinated in obtaining copies of evidence readily obtainable."  See Caulder, 791 F.2d at 879.  The requirements for a remand are statutory and the court has no power to eliminate any one of the required factors.  The motion to remand for consideration of new evidence under section 405(g) must therefore be denied.

Accordingly, and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1) The decision of the Commissioner is **AFFIRMED**; and

(2) The Clerk of the Court shall enter final judgment in accordance with 42 U.S.C. § 405(g) and close the file with each party bearing his own costs and expenses.

**DONE AND ORDERED** in Tampa, Florida on this 27th day of September, 2005.

ELIZABETH A JENKINS
United States Magistrate Judge

21